1    **WO**

2

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9

10   PepsiCo, Inc., a North Carolina        )   No. CV-07-2425-PHX-DGC
     corporation; and The Concentrate       )
11   Manufacturing Company of Ireland, also )   **ORDER AND DEFAULT JUDGMENT**
     trading as Seven-Up International, a    )
12   corporation,                            )
                                             )
13                    Plaintiffs,            )
                                             )
14   vs.                                     )
                                             )
15   Los Potros Distribution Center, LLC, a  )
     limited liability company; and Santos   )
16   Hernandez, an individual,               )
                                             )
17                    Defendants.            )
                                             )
18   _____ )

19

20          Plaintiffs have filed a motion for default judgment and a motion for contempt order.

21   Dkt. ##18, 19.  No response has been filed.  The Court will grant the motion for default

22   judgment and deny the motion for contempt order.

23   **I.     Background.**

24          PepsiCo, Inc. and its wholly-owned subsidiary, The Concentrate Manufacturing

25   Company of Ireland ("CMCI"), commenced this action on November 30, 2007, by filing a

26   complaint against Los Potros Distribution Center, LLC ("Los Potros") and Santos

27   Hernandez, the alleged owner of Los Potros.  Plaintiffs allege that Defendants made

28   unauthorized sales within the United States of soft drinks manufactured in Mexico and

1   bearing the PEPSI and MANANITA SOL trademarks owned by Plaintiffs ("Mexican

2   product").  Plaintiffs further allege that the unauthorized sales of the Mexican product

3   violated the terms of a settlement agreement between PepsiCo and Hernandez in *PepsiCo,*

4   *Inc. v. Loza*, CV-06-607-PHX-MHM (D. Ariz. Aug. 8, 2006), as well as the final judgment

5   in that case.  The complaint asserts claims for trademark infringement, unfair competition,

6   and breach of contract.  The complaint also requests a contempt order based on Defendants'

7   alleged violation of the final judgment in *Loza*.  Dkt. #1.

8        Defendants were served with process on December 11, 2007. Dkt. ##8-9.  Defendants

9   have not answered or otherwise responded to the complaint as required by the Federal Rules

10   of Civil Procedure.  The Clerk has entered Defendants' default pursuant to Rule 55(a).

11   Dkt. #11.

12   **II.**     **The Motion for Default Judgment.**

13        Plaintiffs request default judgment on the trademark infringement, unfair competition,

14   and breach of contract claims.  Plaintiffs seek liquidated damages in the amount of $60,000

15   and an award of attorneys' fees and costs.  Plaintiffs further seek a judgment enjoining

16   Defendants from importing, marketing, distributing, or selling the Mexican product within

17   the United States. Dkt. ##18, 18-5.

18        Once a party's default has been entered, the district court has discretion to grant

19   default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d

20   1089, 1092 (9th Cir. 1980).  Factors the court may consider in deciding whether to grant

21   default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the

22   claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the

23   possibility of a dispute concerning material facts, (6) whether default was due to excusable

24   neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d

25   1470, 1471-72 (9th Cir. 1986).  In applying the *Eitel* factors, "the factual allegations of the

26   complaint, except those relating to the amount of damages, will be taken as true." *Geddes*

27   *v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

28   / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.    Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiffs' motion because Plaintiffs will be prejudiced if default judgment is not entered. Plaintiffs served process on Defendants more than three months ago. Dkt. #3. Defendants have not answered the complaint or otherwise appeared in this action. "If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Moreover, given the Court's finding below that Plaintiffs have stated valid trademark infringement and unfair competition claims against Defendants, Plaintiffs "undeniably would be prejudiced absent the entry of permanent injunctive relief [by] default judgment." *PepsiCo, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1116 (S.D. Fla. 2007). "The continued sale of the Mexican product by [Defendants] results in irreparable injury to [Plaintiffs] because such sales are likely to create confusion and dissatisfaction among retailers and customers to the detriment of [Plaintiffs'] domestic goodwill." *PepsiCo, Inc. v. Nostalgia Prods. Corp.*, 18 U.S.P.Q.2d 1404, 1407 (N.D. Ill. 1990); *see PepsiCo, Inc. v. Reyes*, 70 F. Supp. 2d 1057, 1060 (C.D. Cal. 1999).

### B.    The Merits of Plaintiffs' Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). In this case, Plaintiffs seek default judgment on the following claims: (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, (2) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (3) unfair competition under Arizona common law, and (4) breach of contract. Dkt. ##1, 18.

The complaint sets forth the identity of Plaintiffs' federally registered trademarks and describes Plaintiffs' continuous use of the marks in commerce. Dkt. #1 ¶¶ 9-20. The complaint alleges that Defendants have used Plaintiffs' marks in connection with the sale of the materially different Mexican product within the United States. *Id.* ¶¶ 21-25. The

1  complaint further alleges that Defendants' unauthorized use of Plaintiffs' marks is likely to
2  cause consumer confusion and damage the goodwill in the marks. *Id.* ¶¶ 41-43.  These
3  allegations are sufficient to state trademark infringement and unfair competition claims. *See*
4  15 U.S.C. §§ 1114(1)(a), 1125(a)(1) (federal trademark infringement and unfair
5  competition); *Fairway Constructors, Inc. v. Ahern*, 970 P.2d 954, 956 (Ariz. Ct. App. 1998)
6  (common law unfair competition); *Nostalgia Prods.*, 18 U.S.P.Q.2d at 1407 ("[T]here are
7  material differences between domestic PEPSI products and the Mexican products.  As a
8  result, there is a likelihood of confusion and deception concerning the nature and origins of
9  the goods. . . . Nostalgia's acts constitute trademark infringement and unfair competition.");
10  *see also Reyes*, 70 F. Supp. 2d at 1059-60; *Distribuidora La Matagalpa*, 510 F. Supp. 2d at
11  1115; *Cal. Security Cans*, 238 F. Supp. 2d at 1175-76; *PepsiCo, Inc. v. Productos*
12  *Nicaraguenses Corp.*, No. 06-21305-CIV-GOLD, 2006 WL 3940591, at *1-2 (S.D. Fla.
13  Dec. 22, 2006).

14       Plaintiffs have submitted a copy of the settlement agreement in the *Loza* case in
15  support of their motion for default judgment. Dkt. #18-3.  The agreement contains a choice-
16  of-law provision stating that Arizona law governs the agreement.  *Id.* at 5, ¶ 16.  To state a
17  breach of contract claim under Arizona law, "the complaint must allege an agreement, the
18  right to seek relief, and breach by the defendant." *Commercial Cornice & Millwork, Inc. v.*
19  *Camel Constr. Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. Ct. App. 1987); *see Best W. Int'l,*
20  *Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007) (citing *Graham v. Asbury*, 540 P.2d
21  656, 657 (Ariz. 1975)).

22       Plaintiffs' complaint alleges that to resolve the claims asserted by PepsiCo in the *Loza*
23  action, Hernandez agreed in the settlement agreement not sell or distribute in the United
24  States soft drinks manufactured in Mexico bearing the PEPSI or MANZANITA SOL marks.
25  Dkt. #1 ¶¶ 30, 32.  The complaint further alleges that Hernandez has breached the settlement
26  agreement by selling the Mexican product in the United States.  *Id.* ¶ 21.  Count five of the
27  complaint specifically alleges that Hernandez is bound by the terms of the settlement
28  agreement, that he has breached the agreement, and that his breach has irreparably damaged

1  PepsiCo.  *Id.* ¶¶ 54-56.  Given the Court's acceptance of these allegations as true, *see*

2  *Geddes*, 559 F.2d at 560, the Court finds that PepsiCo has sufficiently stated a valid breach

3  of contract claim against Hernandez.

4        In summary, the Court concludes that Plaintiffs have sufficiently stated claims for

5  trademark infringement, unfair competition, and breach of contract.  The second and third

6  *Eitel* factors favor a default judgment.

7        **C.**    **The Amount of Money at Stake.**

8        Under the fourth *Eitel* factor, the court considers the amount of money at stake in

9  relation to the seriousness of the defendant's conduct.  *See Cal. Security Cans*, 238 F. Supp.

10  2d at 1176.  Plaintiffs seek $60,000 in liquidated damages, as well as attorneys' fees and

11  costs, based on Hernandez's breach of the settlement agreement.  Dkt. #18 at 11; *see* Dkt.

12  ##1 ¶ 33, 18-3 ¶ 7.  Given the willfulness of Hernandez's conduct (*see* Dkt. #1 ¶ 44), and the

13  difficulty of proving actual damages in this case, the Court finds that the $60,000 in

14  liquidated damages is reasonable.  *See Best W. Int'l, Inc. v. Oasis Invs., L.P.*, 398 F. Supp.

15  2d 1075, 1081 (D. Ariz. 2005) (finding a liquidated damages clause enforceable where the

16  defendant did not contest the reasonableness of the amount and it would be very difficult for

17  the plaintiff to accurately estimate the damages caused by the defendant's infringing

18  conduct); *Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW,

19  1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (amount of money at stake was

20  reasonable where it was contractually justified).  The Court further finds that Plaintiffs are

21  entitled to an award of reasonable attorneys' fees and costs.

22        **D.**    **Possible Dispute Concerning Material Facts.**

23        Given the sufficiency of the complaint and Defendants' default, "no genuine dispute

24  of material facts would preclude granting Plaintiffs' motion."  *Cal. Security Cans*, 238 F.

25  Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

26        **E.**    **Whether Default Was Due to Excusable Neglect.**

27        Defendants were properly served with the summons and complaint pursuant to Rule 4

28  of the Federal Rules of Civil Procedure.  Dkt. ##8-9.  It therefore is "unlikely that

1   [Defendants'] failure to answer and the resulting default was the result of excusable neglect."

2   *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz.

3   Jan. 3, 2008).

4        **F.**     **The Policy Favoring a Decision on the Merits.**

5        "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782

6   F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing

7   alone, is not dispositive."  *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).

8   Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a

9   decision on the merits impractical, if not impossible."  *Id.*  The Court therefore is not

10  precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL

11  65604 at *5.

12       **G.**     **Conclusion.**

13       Having reviewed Plaintiffs' motion and supporting documents, and having considered

14  the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is

15  appropriate.  The Court accordingly will grant Plaintiffs' motion.

16  **III.**     **The Motion for Contempt Order.**

17       Plaintiffs request the undersigned Judge to hold Defendants in contempt for violating

18  a final judgment entered by another judge.  *See* Dkt. #18, CV-06-607-PHX-MHM.

19  Plaintiffs' request will be denied.

20       **IT IS ORDERED:**

21       1.     Plaintiffs' motion for contempt order (Dkt. #19) is **denied**.

22       2.     Plaintiffs' motion for default judgment (Dkt. #18) is **granted**.

23       3.     Default judgment is entered in favor of Plaintiffs and against Defendants on

24            counts two through five of the complaint.

25       4.     Plaintiff PepsiCo, Inc. is awarded **$60,000.00** in liquidated damages on the

26            breach of contract claim asserted against Defendant Santos Hernandez in count

27            five of the complaint.

28       5.     Defendants Santos Hernandez and Los Potros Distribution Center, LLC, their

officers, agents, servants, employees, and successors and assigns are **permanently enjoined** from the importation into and the dealing, marketing, sale, or distribution in the United States of soft drinks manufactured or bottled in Mexico and bearing PepsiCo's PEPSI marks or CMCI's MANZANITA SOL marks.

6.       Plaintiffs may file a motion for attorneys' fees in accordance with Local Rule of Civil Procedure 54.2.

DATED this 4th day of April, 2008.

David G. Campbell
United States District Judge